CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 1 3 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JOSEPH BOWLER, ) | |
|     Plaintiff, ) | Civil Action No. 7:05-cv-00738 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| C/O BLANKENSHIP, et al., ) | By: Hon. James C. Turk |
|     Defendants. ) | Senior United States District Judge |
| ) | |

    Plaintiff Joseph Bowler, a Virginia inmate acting pro se, submits two complaints about prison conditions that the court construes a civil action, pursuant to 42 U.S.C. §1983.[1] As Bowler does not include the $250.00 filing fee with his complaint, he also apparently applies to proceed in forma pauperis. In this complaint, Bowler asserts that the defendant officers at Red Onion State Prison assaulted him in the past and that they lost or destroyed his personal property or allowed it to be stolen. He seeks monetary damages. Upon review of the record, the court concludes that Bowler's complaint must be filed for administrative purposes only and immediately dismissed without prejudice, pursuant to 28 U.S.C. §1915(g).

    As stated, Bowler has not prepaid the $250.00 filing fee required in civil actions and, instead, seeks to proceed in forma pauperis. Court records indicate that Bowler has filed at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim: Bowler v. Braxton, 7:03-cv-00652 (W.D. Va. December 3, 2003)(dismissed under §1915A, failure to state a claim); Bowler v. Young, 7:03-cv-00231

---

[1] Bowler presents his allegations on two Notice of Claim forms set up to assist litigants in filing claims under the Virginia Tort Claims Act (VTCA). Because Bowler is not entitled to proceed in forma pauperis in this civil action under §1915(g), the court will dismiss all of his attempted claims, whether he is intending to bring them under §1983 or the VTCA or both.

1

(W.D. Va. April 7, 2003)(dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim); Bowler v. Young, 7:03-cv-00148 (W.D. Va. March 6, 2003) (dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim). Therefore, under 28 U.S.C. §1915(g), he is barred from filing a civil action in forma pauperis in this court unless he demonstrates that he is in imminent danger of physical harm related to his claims.

A prisoner may invoke the imminent danger exception to the §1915(g) "three strikes" provision only to seek relief from a danger which is imminent at the time the complaint is filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). In order to qualify for the imminent danger exception, the prisoner must at least raise a credible allegation that he is in imminent danger of serious physical harm. White v. State of Colorado, 157 F.3d 1232 (10th Cir. 1998) (citing Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds). Allegations that the inmate has faced imminent danger in the past are insufficient to trigger the §1915(g) exception. See Abdul-Akbar, 239 F.3d 307 (being sprayed once with pepper spray not imminent danger); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir. 1996) (being given Ibuprofen instead of something stronger for injury, now healed, is not imminent danger).

All of Bowler's complaints concern past events, and Bowler does not allege facts indicating any imminent threat of physical harm related to these past deprivations. Thus, Bowler fails to allege facts sufficient to satisfy the "imminent danger" requirement for in forma pauperis under §1915(g). Therefore, the court will deny Bowler's request to proceed in forma pauperis under §1915(g). As Bowler is well aware of his three strikes and the requirement that he prepay the fee or otherwise satisfy §1915(g), the court will file and dismiss this action without

prejudice. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 13th day of December, 2005.

/s/ James C. Turk
Senior United States District Judge

3

Case 7:05-cv-00738-JCT-mfu   Document 2   Filed 12/13/05   Page 3 of 4   Pageid#: 17

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 13 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

| | |
|---|---|
| JOSEPH BOWLER, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>C/O BLANKENSHIP, et al., )<br>    Defendants. )<br>) | Civil Action No. 7:05-cv-00738<br><br>**FINAL ORDER**<br><br>By: Hon. James C. Turk<br>Senior United States District Judge |

In accordance with the memorandum opinion entered this day, it is hereby

**ADJUDGED AND ORDERED**

that plaintiff's motion for in forma pauperis status shall be and hereby is **DENIED**, pursuant to 28 U.S.C. §1915(g); and this civil rights action, pursuant to 42 U.S.C. § 1983, is hereby **DISMISSED** without prejudice and stricken from the active docket of the court.

The Clerk is directed to send certified copies of this order and the accompanying memorandum opinion to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 13th day of December, 2005.

                /s/ James C. Turk
                Senior United States District Judge